**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Chaia Braun, individually and on behalf of all others similarly situated,<br><br>                                 Plaintiff,<br><br><br>    -v.-<br><br>ARSTRAT, LLC<br><br>                            Defendant(s). | Case. No.: 1:21-cv-2226<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chaia Braun ("Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant ARSTRAT, LLC ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Kings.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9.      Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

     a.     all individuals with addresses in the State of New York;

     b.     to whom Defendant sent a collection letter;

     c.     attempting to collect a consumer debt;

     d.     which included a statement that the consumer has an option for interest free deferment of payment, when in fact there was no interest accruing;

     e.     which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.     Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e.

15.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff

Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. § 1692e.

c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.    Plaintiff repeats the above allegations as if set forth fully herein.

20.    Some time prior to February 08, 2021, Plaintiff allegedly incurred an obligation to Northwell Health.

21.    The obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal, household or family purposes, specifically personal medical services.

22.    The alleged Northwell Health obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23.    Northwell Health is a "creditor" as defined by 15 U.S.C. § 1692a (4).

24.    Upon information and belief, Northwell Health contracted with the Defendant to collect the alleged debt. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

25.    Defendant collects and/or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<em><u>Violation – February 08, 2021 Collection Letter</u></em>

26.    On or about February 08, 2021, Defendant sent the Plaintiff a collection letter ("letter") regarding the alleged debt owed to Northwell Health.  (See a true and accurate version of the letter attached hereto as Exhibit A.)

27.    The letter states in the first paragraph, in relevant part:

"We…would like you to contact us so we can work with you to discuss options, including **interest free deferment of payment**, financial counseling and payment plans."

28.    The options presented by the Defendant are confusing and misleading.

29.    The implication is that the Defendant's offer to the Plaintiff includes a special opportunity to avoid interest payments, but otherwise, without exercising this option, the Plaintiff should expect to pay interest.

30.    This "offer" is really being used as a threat, as if to say, "pay now interest-free, or expect to incur more interest later."

31.    In reality this account is not currently and will never accrue interest.

32.    Defendant states that Plaintiff has an option for "interest free deferment of payment." By implication, this means that the status quo would be accruing further interest on the debt.

However, this is not true – the Plaintiff does not imminently stand to incur further interest if she chooses not to exercise her option to defer payments.

33.     This option of "interest free deferment of payment", in the way Defendant presents it, creates confusion and deception amongst consumers, as it did for the Plaintiff in this matter. It is a clever trick that the Defendant uses to provoke the gullible consumer to pay the debt out of fear of interest accruing and confusion as to what will trigger her debts to pile up if she does not pay right away.

34.     Because of Defendant's actions, Plaintiff expended time, money, and effort in determining the proper course of action.

35.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

36.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

37.     Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff did not understand the terms stated in the letter.

38.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

39.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

40.     Plaintiff repeats the above allegations as if set forth fully herein.

41.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43.     Defendant deceptively and/or misleadingly stated that Plaintiff had an option for interest free deferment of payment. By implication, this means that the status quo would be accruing further interest on the debt. However, this is not true – the Plaintiff does not imminently stand to incur further interest if she chooses not to exercise her option to defer payments. The Defendant's deceptive statements are in violation of § 1692e and § 1692e (10).

44.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

45.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chaia Braun, individually and on behalf of all others similarly situated, demands judgment from Defendant ARSTRAT, LLC as follows:

i.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

ii.     Awarding Plaintiff and the Class statutory damages;

iii.    Awarding Plaintiff and the Class actual damages;

iv.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v.     Awarding pre-judgment interest and post-judgment interest; and

vi.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated:      April 22, 2021                                     Respectfully Submitted,


**Stein Saks, PLLC**

/s/ **Tamir S aland**

Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ, 07601
P. (201) 282-6500 ext. 122
F. (201) 282-6501
tsaland@SteinSaksLegal.com
*Attorneys for Plaintiff*